In the Interest of A.A.F. and L.G.W.

No. 05–03–00184–CV.

Court of Appeals of Texas,
Dallas.

Nov. 6, 2003.
Rehearing Overruled Dec. 12, 2003.

Paul R. Leake, Boyd & Leake, Mesquite, for Appellant.

Georganna L. Simpson, Law Offices of Georganna L. Simpson, Dallas, for Appellee.

Before Justices MORRIS, O'NEILL and LANG.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from an order on a

motion to enforce child support.[1] Andrea Margaret Cook challenges the trial court's order granting her judgment for $9,738.26. Specifically, Cook contends the trial court erred in applying a four-year limitations period to a portion of her claim for past due child support; failing to award pre-judgment interest on past due child support; failing to award attorney's fees and costs; and awarding attorney's fees against her as discovery sanctions. We affirm the trial court's order.

Cook and Kevin Freeman divorced in 1992. The divorce decree ordered Freeman to pay child support to Cook for the couple's three children in the amount of $190.00 per week through the Kaufman County Child Support Office. Cook filed a motion to enforce Freeman's court-ordered child support obligation asserting an arrearage of $43,293.14. Freeman filed an answer denying any arrearage and also claiming he was entitled to various offsets and credits. After a trial before the court, the trial court rendered judgment for Cook in the amount of $12,408.26. However, the trial court also awarded judgment in favor of Freeman and against Cook for $2,670 in attorney's fees with respect to Freeman's previously heard discovery motion. The trial court signed a final order awarding judgment for Cook for $9,738.26 (the amount due after the Freeman's award of $2,670 was subtracted from the amount of Cook's judgment rendered by the trial court on February 19). It is from this order that Cook appeals.

In her first issue, Cook argues the trial court abused its discretion in applying a four year statute of limitations to a portion of her claim for past due child support contrary to section 157.005 of the Texas Family Code. The trial court did not make findings of fact or conclusions of law. In the absence of written findings of fact and conclusions of law, the trial court's judgment implies all necessary fact findings to support the judgment. *See Larry F. Smith, Inc., v. The Weber Co., Inc.,* 110 S.W.3d 611, 615 (Tex.App.-Dallas 2003, pet. filed). Cook asserts the trial judge verbally stated he was applying a four year limitations period to certain child support checks that Freeman had paid through the Kaufman County Child Support Office but Cook never attempted to cash.[2] When the trial court does not file findings and conclusions, we may uphold a judgment on any legal theory that finds support in the evidence, and statements made by a trial court outside of properly filed written findings and conclusions do not limit our review. *Id.* Oral statements made by the trial court are not a substitute for findings of fact and conclusions of law. *Id.* Here, there was conflicting evidence as to the nature and amount of various credits and setoffs to which Freeman may have been entitled. Cook has not addressed these various credits and offsets, and, therefore, has not challenged all possible grounds supporting the judgment. Because Cook has not established reversible error with respect to the amount of the judgment rendered in her

---

1. The order also addresses visitation and child support modification issues that were agreed to by the parties and not part of this appeal.

2. The original reporter's record filed on March 3, 2003 does not contain the trial court's reasoning behind its judgment. In fact, the original contains the notation "discussion off the record" immediately after

which the Court pronounces "The judgment is for Mrs. Cook in the amount of $12,408.26 with no interest, and Mr. Cook (sic), for discovery attorney's fees only, is awarded $2,670." Pursuant to a request by Cook's attorney, we received a supplemental reporter's record containing the trial court's calculations and reasoning before judgment was rendered.

favor, we resolve Cook's first issue against her.

■ In her remaining issues, Cook complains about the trial court's failure to award prejudgment interest and attorney's fees as well as the trial court's sanction award against her. To preserve an issue for appeal, a party must have presented to the trial court a timely request, objection or motion specifically stating the grounds for the desired ruling. *See* TEX.R.APP. P. 33.1(a)(1). Because Cook did not raise these complaints during trial or in a post-judgment motion, she has not preserved the issue for review, and we need not address them.

We affirm the trial court's order.