TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00792-CV






Ana Esquivel, Appellant


v.


Edward Martinez, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-FM-00-001282, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 Ana Esquivel appeals from an order awarding sanctions to her ex-husband,
Edward Martinez. (1) When Esquivel and Martinez divorced in 2001, Martinez was named sole
managing conservator of the couple's son, David. (2) Esquivel was named possessory conservator with
limited supervised visitation. In 2008, Esquivel took custody of David without the court's or
Martinez's permission and filed a motion to become David's sole managing conservator. Martinez
moved for sanctions against Esquivel, alleging that her motion for a custody change was groundless
and brought in bad faith. He also moved for sanctions against Esquivel's attorney, Brian Bernard,
on the ground that Bernard assisted Esquivel in filing the groundless motion. The trial court held
a hearing on Martinez's motion without Esquivel or Bernard in attendance. At the conclusion of the
hearing, the court awarded Martinez $10,000 in sanctions against Esquivel and $5,000 in sanctions
against Bernard. Esquivel appeals those awards. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND (3)

 Esquivel and Martinez divorced in 2001. The divorce decree named Martinez sole
managing conservator of the couple's son, David, and named Esquivel possessory conservator. 
Equivel was given only four hours of supervised visitation with David per month because the court
had serious concerns about her influence on David's welfare.

 In 2006, Esquivel filed a Petition to Modify Parent-Child Relationship. She was
represented by Brian Bernard at the time. The court appointed a guardian ad litem, who wrote a
report stating that David was best served by the existing custody arrangement. The guardian ad litem
reached this result partly because Esquivel had not been receiving psychological counseling as
previously recommended. For reasons that are not clear from the record, the court never entered an
order granting or denying Esquivel's Petition.

 On June 4, 2008, David ended up in Esquivel's custody. The parties disagree as to
how that came about. Esquivel claims that David called her from a pay phone to say that he had run
away from his father's home. She further claims that she contacted Bernard for legal advice, and he
advised her to pick up David and call Martinez to inform him of the situation. Martinez, on the other
hand, claims that Esquivel initiated contact with David and "removed him from school." He claims
that when Esquivel called him on June 4 after picking up David, she refused to say where she was
or when she would return David to his custody.

 The next day, June 5, 2008, Martinez took a copy of his and Esquivel's divorce decree
to the Kyle, Texas police department. (4) He reported the situation to a sergeant and had the sergeant
call Esquivel to inform her that she was violating the terms of the decree by exercising custody over
David. Esquivel allegedly agreed to meet Martinez and hand over David later that morning at the
Travis County courthouse, but she never showed up. Martinez waited approximately an hour and
a half past the arranged meeting time and then went to the Travis County Domestic Relations Office
to inform an assistant manager, Rosylyn Pitre, about the situation.

 With Martinez in her office, Pitre called Bernard and informed him that Esquivel
should not be exercising custody over David. Bernard allegedly responded by saying that David
"had run away from [his] dad" and Esquivel "was trying to just keep the child safe." Pitre told
Bernard she was going to inform Child Protective Services about the situation, and Bernard allegedly
responded by saying that "he understood [her] position, and [she] needed to do what [she] thought
[she] needed to do."

 The same day, Esquivel took David to Bernard's office, where David completed an
affidavit stating that he had run away from his father's home and wanted to live with his mother. 
He also completed a document entitled "Choice of Managing Conservator by Child Twelve Years
of Age or Older" (David was 13 at the time) that stated he wanted Esquivel to be his managing
conservator. Bernard faxed these documents to Teresa Duffin, who was Martinez's attorney of
record at the time, and to Catherine Schmidt, who had been David's guardian ad litem in 2006; he
did not transmit the documents to Martinez. Bernard also allegedly called Duffin and Schmidt to
inform them that he intended to "go to the uncontested docket to obtain an order allowing [Esquivel]
to temporarily keep David in her home." For reasons that are not clear from the record, Duffin and
Schmidt seem not to have acted on this information in any way. 

 The next day, June 6, 2008, Bernard did indeed go to the uncontested docket and file
a "Motion for Additional Temporary Orders." The court held a hearing on the motion without
Martinez or anyone representing him in attendance. The hearing was not recorded. At its
conclusion, the court issued an order scheduling a conservatorship hearing for June 25, 2008, and
giving Esquivel exclusive custody of David until then.

 Some time between June 6 and June 12, 2008, Martinez learned of this order and
hired attorney Sarah Diafi. Diafi promptly moved for a writ of attachment to have David returned
to Martinez's custody. The court held a hearing on the motion on June 12, 2008. At the hearing,
Martinez and Diafi learned for the first time about Esquivel's Motion for Additional Temporary
Orders. At the conclusion of the hearing, the court vacated the earlier court's June 6 order, returned
David to Martinez's custody, and set a June 25 hearing on Esquivel's Motion for Additional
Temporary Orders.

 On June 25, 2008, the parties and their attorneys appeared in court. Bernard
requested a continuance, and Diafi agreed to reset the hearing for July 16, 2008. The same day,
Diafi filed the sanctions motion that is the subject of this appeal. The court added the sanctions
motion to its July 16 docket.

 On July 14, 2008, Bernard contacted Diafi to request another continuance. She
refused, and Bernard filed a motion for continuance with the court the next day. For reasons that are
not clear from the record, Bernard appears not to have obtained a ruling on the motion or done
anything else to secure a continuance. There is evidence that he instructed Esquivel to attend the
July 16 hearing without him, but she ultimately did not do so.

 On July 16, 2008, a visiting judge held the hearing. Neither Bernard nor Esquivel was
present. Diafi called witnesses who testified to the above facts, including Rosylyn Pitre (the Travis
County Domestic Relations Office employee) and Martinez. Diafi also took the stand to testify
about her fees.

 At the conclusion of the hearing, the court denied Esquivel's Motion for Additional
Temporary Orders, denied Esquivel's 2006 Petition to Modify Parent-Child Relationship, and,
pursuant to Texas Civil Practice and Remedies Code chapter 10 and Texas Rule of Civil Procedure
13, granted Martinez's motion for sanctions. (5) The court awarded Martinez $10,000 in sanctions
against Esquivel and $5,000 in sanctions against Bernard. The court issued an order containing
findings of fact to support the sanctions award. Esquivel subsequently filed a motion for new trial
that was denied and then filed this appeal.


STANDARD OF REVIEW

 We review a trial court's imposition of sanctions for an abuse of discretion. Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007). We may reverse a sanctions award only if the trial court
imposed it without reference to any guiding rules and principles, such that its ruling was arbitrary
or unreasonable. Id. A sanctions award must "be no more severe than necessary to satisfy its
legitimate purposes" and must share a "direct nexus" with both the "offensive conduct" and "the
offender." Spohn Hosp. v. Mayer, 104 S.W.3d 878, 882 (Tex. 2003).


DISCUSSION

 Esquivel seems to raise a host of issues in her brief, but she properly enumerates
and supports only three. (6) We examine those three issues and deem the others waived. See McLane
v. McLane, 263 S.W.3d 358, 360 n.1 (Tex. App.--Houston [1st Dist.] 2008, pet. denied) (op. on
reh'g) ("Should [appellant] ask us to construe his brief to assert additional issues [beyond those
properly enumerated], we hold that the additional points were improperly briefed and thus waived.");
Martinez v. El Paso County, 218 S.W.3d 841, 844 (Tex. App.--El Paso 2007, pet. struck) ("The
Appellant bears the burden of discussing her assertions of error. An appellate court has no duty to
perform an independent review of the record and applicable law to determine whether there was
error." (citation omitted)).


First Issue

 Esquivel's first enumerated issue is the following:



Did the trial court err in awarding attorney's fees of $10,000 against appellant Ana
Esquivel and $5,000 against appellant's attorney when the evidence showed that
appellee's attorney had only substituted on [the] case one month prior and had been
notified two days before court date that appellant's attorney needed to reschedule
hearing date since he would be in jury trial on another matter in another county?



This issue seems to complain that Martinez's attorney, Sarah Diafi, was not entitled to an award of
fees because she (1) had only been on the case for a month and (2) somehow acted improperly in
proceeding with a hearing on Martinez's sanctions motion knowing that Bernard could not attend.

 Esquivel cites no authority in support of these propositions. They are therefore
waived. Martinez, 218 S.W.3d at 844. But even if they were not waived, Diafi testified as to her
attorney's fees without contradiction. See In re A.B.P., 291 S.W.3d 91, 98 (Tex. App.--Dallas 2009,
no pet.) ("Testimony from a party's attorney about a party's attorneys' fees is taken as true as a
matter of law if the testimony is not contradicted by any other witness and is clear, positive, direct,
and free from contradiction." (internal quotation marks omitted)). Furthermore, because Bernard
and Esquivel were properly served with notice of the hearing, the trial court had the discretion to
deny Bernard's motion for a continuance and hold a hearing without him present. See Villegas
v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). We overrule Esquivel's first issue.


Second Issue

 Esquivel's second enumerated issue is the following:



Did the trial court err in awarding appellee's attorney, Sarah Diafi, $10,000 against
Ana Esquivel and $5,000 against appellant's attorney on default where the evidence
shows that appellee's attorney made false allegations and used those false allegations
as the basis for that award?



In the section that discusses this point of error, Esquivel includes only a single legal citation (one that
stands for the proposition that "a party must present evidence in good faith"). This is insufficient
to support an argument that, in the posture of this case, Diafi's allegedly false allegations warrant
a reversal. Thus, the issue is waived. See Martinez, 218 S.W.3d at 844. In any event, as an
appellate court, we do not determine which facts are "true"; we determine whether the
record contains at least some evidence to support the facts found by the trial court. See Butnaru v.
Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002). The record does so here. We overrule
Esquivel's second issue.


Third Issue

 Esquivel's third enumerated issue is the following:



Does a district court misapply the law and thus clearly abuse its discretion when it
imposes a $10,000 punitive fine against Ana Esquivel and a $5,000 punitive fine
against Brian Bernard as a sanction without any evidence that the fine is related to
the opposing party's harm or that lesser sanctions were considered?

This issue does not warrant reversal because there was in fact evidence that (1) the sanctions
assessed were related to Martinez's harm and (2) lesser sanctions were considered.

 Regarding the former, it is true that sanctions awards should reflect the harm caused
and should be no more severe than necessary. See Mayer, 104 S.W.3d at 882; see also Low,
221 S.W.3d at 620-21 n.5 (listing factors that may help court determine appropriate sanctions). 
Esquivel argues that the sanctions awarded here do not reflect the harm caused because Martinez did
not substantiate his monetary losses. 

 We disagree. Martinez testified that he lost his job because he missed work while
trying to get David back, and Diafi testified that her attorney's fees totaled $5,000. Esquivel argues
that this testimony does not support a sanctions award because Martinez could not have missed work
"searching" for his son, as "he knew all along where his son was and who he was with." On the
contrary, Martinez testified that he did not know where Esquivel lived and that he did not
spend his time merely "searching" for David, but rather spent his time pursuing various legal
avenues (e.g., contacting the police, contacting the Travis County Domestic Relations Office) to try
to get David back. 

 Regarding Diafi's attorney's fees, Esquivel claims that Diafi introduced "no
evidence" in support of her $5,000 figure. On the contrary, Diafi testified as to her hourly rate and
the number of hours she worked for Martinez. See In re A.B.P., 291 S.W.3d at 98 ("Testimony from
a party's attorney about a party's attorneys' fees is taken as true as a matter of law if the testimony
is not contradicted by any other witness and is clear, positive, direct, and free from contradiction."
(internal quotation marks omitted)). 

 Regarding whether the trial court considered lesser sanctions, the court's sanctions
order specifically states that a "lesser sanction was not imposed because ANA ESQUIVEL and her
attorney committed egregious misconduct. The court considered lesser sanctions but they would not
have been effective." The court recited several bases for this finding, none of which Esquivel
directly challenges. We overrule Esquivel's third issue.


CONCLUSION

 For the reasons stated above, we hold that the trial court did not abuse its discretion
in imposing sanctions on Esquivel and Bernard. We affirm the sanctions order.


 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: September 16, 2010
1. Esquivel's attorney, Brian Bernard, was also sanctioned, and he attempts to join Esquivel
in her briefing and request for relief. The only notice of appeal filed in this case, however, states that
"ANA ESQUIVEL desires to appeal from all portions of the judgment . . . This notice is being filed
by ANA ESQUIVEL." Thus, Bernard did not file a notice of appeal, and we cannot award him any
relief. See Tex. R. App. P. 25.1. But even if Bernard had filed a notice of appeal, we would award
him no relief for the reasons explained below. 
2. Martinez and Esquivel had other children who are not involved in this appeal.
3. Except where noted, the following facts are either agreed upon or uncontested. See Tex.
R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party

contradicts them.").
4. Martinez believed that Esquivel was living in Kyle at the time. 
5. The court also purported to award sanctions pursuant to Texas Civil Practice and Remedies
Code chapter 9 ("Chapter 9"), but that chapter was not applicable. See Tex. Civ. Prac. & Rem. Code
Ann. § 9.012(h) (West 2002).
6. Esquivel's brief does not obey the rules of appellate procedure. In its table of contents it
lists a single issue. In its "Issues Presented" section, however, it lists two issues that are totally
distinct from the issue listed in the table of contents. This inconsistency should not exist. Compare
Tex. R. App. P. 38.1(b) (table of contents "must indicate the subject matter of each issue or point,
or group of issues or points") with Tex. R. App. P. 38.1(f) ("issues presented" section "must state
concisely all issues or points presented for review"). The inconsistency makes it difficult for us to
determine what to review.

 Our task is further complicated by three additional aspects of Esquivel's brief. First,
the "Statement of Facts" section does not "state concisely . . . the facts pertinent to the issues . . .
presented," nor does it includes record references. Tex. R. App. P. 38.1(g). Second, the brief wholly
omits a "Summary of the Argument" section. See Tex. R. App. P. 38.1(h) (appellant's brief "must
contain a succinct, clear, and accurate statement of the arguments made in the body of the brief."). 
Third, the "Argument" section of the brief does not "contain a clear and concise argument for the
contentions made." Tex. R. App. P. 38.1(h). That is to say, the Argument section (1) is not
structured in a way that reflects the "Issues Presented"; (2) raises issues that are neither enumerated
in nor suggested by the "Issues Presented" section; and (3) fails to support many of its arguments
"with appropriate citations to authorities." Id.