**Reverse and Remand; Opinion Filed May 8, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01666-CV**

**IN THE INTEREST OF A.T.A.L., A CHILD**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-21127-R**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Bruce Le appeals a default order in a suit to modify a parent-child relationship; the order modified Le's child support obligation and the terms of possession of and access to his child.[1] In four issues, Le argues the trial court abused its discretion by, among other things, modifying the divorce decree without sufficient evidence to support his former wife's request for modification. The background and facts of the case are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude there was no evidence to support the trial court's modification of the parties' divorce decree. We reverse the trial court's order in the suit affecting the parent-child relationship (SAPCR) and remand for further proceedings consistent with this opinion.

---

[1] Le also argues that the modification changed his medical support obligations; however, the medical support ordered in the modification is the same as the medical support ordered in the original order, the final decree of divorce.

A final decree of divorce ended Le's marriage to Kimberly Nguyen. The divorce decree appointed Le and Nguyen joint managing conservators of their only child, A.T.A.L., and a standard possession order was put in place. Le's child support obligation was set at $400.00 per month. At the time the trial court entered the divorce decree, Le lived with his brother and sister-in-law.

One year later, Nguyen filed a SAPCR. Nguyen sought to modify the terms of possession of and access to A.T.A.L. and to increase Le's child support obligation. Regarding possession and access, Nguyen broadly alleged that "[t]he circumstances of the child, conservator, or other party affected by the previous order to be modified have materially and substantially changed since the rendition of the order to be modified," and that "[t]he requested modification is in the best interest of the child." Regarding child support, Nguyen added that "[t]he support payments previously ordered are not in substantial compliance with the guidelines of chapter 154 of the Texas Family Code." It is not clear from the record whether Le filed an answer.

Le failed to appear at the trial court's hearing on the SAPCR. The trial court granted Nguyen's requested modifications, and ordered that Le not have possession of A.T.A.L. until he could show Nguyen proof he had adequate housing by providing her a copy of a lease or mortgage documents. The trial court's order specified that adequate housing "excludes [Le] from taking the child to stay at someone else's residence other than his own." Le's child support obligation was increased to $730.00 per month.

The record does not show that either party requested findings of fact and conclusions of law, and the trial court did not enter any. Le filed a motion for new trial, which the trial court denied.

Most appealable issues in a family law case are evaluated for an abuse of discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). A trial court abuses it discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *Id.* The trial court generally does not abuse its discretion as long as some evidence of substantive and probative character exists to support the trial court's decision. *See Agraz v. Carnley*, 143 S.W.3d 547, 554 (Tex. App.—Dallas 2004, no pet.).

Allegations made in a SAPCR are not taken as true when the defendant fails to answer; rather, the plaintiff must prove the required allegations by a preponderance of the evidence. *See id.* at 552. Because the traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases, legal sufficiency is not an independent ground of error but is a relevant factor in our assessment of whether the trial court abused its discretion. *A.B.P.*, 291 S.W.3d at 95. To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its exercise of that discretion. *Id.* We conduct the applicable sufficiency review with regard to the first question. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 867 (Tex. App.—Dallas 2011, no pet.). We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.*

In reviewing the evidence for legal sufficiency, we view the evidence in the light most favorable to the fact finding, credit favorable evidence if a reasonable trier of fact could do so, and disregard contrary evidence unless a reasonable trier of fact could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We may not sustain a challenge to the legal sufficiency of the evidence unless the record demonstrates: (1) a complete absence of a vital fact; (2) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence to prove a vital fact is no more than a scintilla; or

(4) the evidence established conclusively the opposite of the vital fact. *See id.* (citing *Jelinek v. Casas*, 328 S.W.3d 526, 532–33 (Tex. 2010)).

Le argues there was no evidence to support the trial court's order—in the SAPCR—modifying the divorce decree. The family code permitted the trial court to modify conservatorship of A.T.A.L. if the modification was in A.T.A.L.'s best interest, and the circumstances of the child, a conservator, or other party affected by the existing conservatorship order materially and substantially changed since the rendition of the divorce decree. *See* TEX. FAM. CODE ANN. § 156.101(1)(A) (West Supp. 2012). To demonstrate a material and substantial change of circumstances, Nguyen was required to show what conditions existed at the time of the entry of the divorce decree as compared to the circumstances existing at the time of the hearing on the motion to modify. *See A.B.P.*, 291 S.W.3d at 95.

At the prove-up hearing, Nguyen did not present any evidence to support her broad allegations in the SAPCR. She did not offer evidence to show the circumstances of A.T.A.L. or any person affected by the existing order had materially and substantially changed. *See id.* Although Nguyen alleged that the support payments previously ordered were not in compliance with the Texas Family Code, this alone is not evidence of a material and substantial change in circumstances. *See In re G.J.S.*, 940 S.W.2d 289, 294 (Tex. App.—San Antonio 1997, no writ) ("A child support order that is not in compliance with the guidelines does not by itself establish a material and substantial change in circumstances."); *see also See Leonard v. Leonard,* No. 05-97-00899, 1999 WL 1125245, at *2 (Tex. App.—Dallas Dec. 9, 1999, no pet.) (not designated for publication). The only factual testimony Nguyen provided was that she had been a Dallas resident for at least six months, there had been no family violence during the last two years or while the case was pending, and the modification was in A.T.A.L.'s best interest.

Because Nguyen failed to present any evidence showing the circumstances of A.T.A.L. or any party affected by the existing conservatorship order materially and substantially changed since the trial court entered the divorce decree, we conclude the evidence was legally insufficient to support the trial court's modification and, therefore, the trial court abused its discretion by modifying the final decree of divorce. *See A.B.P.*, 291 S.W.3d at 95. We sustain Le's fourth issue.

We reverse the trial court's order in SAPCR and remand for further proceedings consistent with this opinion.

/Jim Moseley/
JIM MOSELEY
JUSTICE

111666F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.T.A.L., A
CHILD

No. 05-11-01666-CV

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-09-21127-R.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent
with this opinion.

It is **ORDERED** that Bruce Le recover his costs of this appeal from Kimberly Nguyen.

Judgment entered May 8, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE