**Affirmed and Opinion Filed July 24, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01516-CV

## IN THE INTEREST OF A.G. AND C.B.G., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-16771**

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Bridges

Alfonso Gonzalez appeals the trial court's final decree of divorce. In two issues, Gonzalez argues the trial court reversibly erred in failing to file findings of fact and conclusions of law and abused its discretion in dividing the parties' property disproportionately and inequitably. We affirm the trial court's judgment.

In September 2014, Claudia Ruiz filed her petition for divorce. The petition stated Ruiz and Gonzalez had married in May 2004, they had two children, and the marriage had become insupportable. In her request for division of the marital estate, Ruiz requested that she receive two houses that were part of the community estate. Attached to the petition was a copy of the Dallas County standing order regarding children, pets, property, and conduct of the parties which ordered the parties, among other things, to refrain from (1) destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of one or

both of the parties and (2) misrepresenting or refusing to disclose to the other party or to the Court, on proper request, the existence, amount, or location of any property of one or both of the parties.

In January 2015, Gonzalez filed a counterpetition for divorce in which he requested, among other things, that Ruiz be enjoined from "[p]lacing one or more telephone calls, in an offensive and repetitious manner, without a legitimate purpose of communication" and changing the beneficiary designation on any life insurance policy. Gonzalez claimed ownership of "certain separate property" but did not identify the separate property. Gonzalez requested temporary orders regarding the children and regarding discovery, including an order that Ruiz provide a sworn inventory and appraisement of all the separate and community property of the parties and their debts and liabilities.

In February 2015, Gonzalez filed an amended counterpetition in which he requested that he be designated as the conservator of the children with the right to designate their primary residence and that Ruiz be ordered to make child support payments. Gonzalez requested temporary orders regarding the children ordering Ruiz to pay child support, health insurance premiums, and 50 percent of the children's uninsured medical expenses while the case was pending.

In September 2016, Ruiz filed an amended divorce petition requesting that Gonzalez be ordered to pay child support for the time period that the parties were separated and he failed to pay child support. Ruiz requested that the trial court confirm child support and medical support arrearages owed by Gonzalez and order Gonzalez to reimburse Ruiz for 50 percent of uninsured medical expenses that Ruiz incurred during the pendency of the case. Ruiz requested a disproportionate share of the parties' estate for the following reasons: (1) fault in the breakup of the marriage; (2) benefits [Ruiz] may have derived from the continuation of the marriage; (3) disparity of earning power of the spouses and their ability to support themselves; (4) education and future employability of the spouses; (5) community indebtedness and liabilities; (6) tax

consequences of the division of property; (7) earning power, business opportunities, capacities, and abilities of the spouses; (8) need for future support; (9) nature of the property involved in the division; (10) wasting of community assets by the spouses; and (11) attorney's fees to be paid. Ruiz requested that the trial court enjoin Gonzalez from making withdrawals from any checking or savings account for any purpose or spending any sum of cash in his possession or subject to his control, except as specifically authorized by court order.

In a hearing before the court on September 12, 2016, Ruiz submitted a summary of the relief she was requesting, which the court admitted without objection. Gonzalez failed to present his requested relief. Ruiz testified that, soon after she and Gonzalez separated, she discovered Gonzalez had been exchanging "many texts" with another woman, Vianney Palacios. Ruiz remembered seeing Gonzalez and Palacios together in the parking lot at Gonzalez's job "around six in the afternoon." Ruiz asked who Palacios was, and Gonzalez said she was a paralegal who was "dropping him off." After Gonzalez told Ruiz this, Ruiz "reached for his phone and his keys," but Gonzalez "fought [her] for his phone." Ruiz said she was "willing to forgive and forget" because of the children, but Gonzalez was not interested in reconciling. Ruiz testified that, giving Gonzalez "credit for $4400," he owed $5500 in child support arrearages. Ruiz also testified and introduced an exhibit showing $3369.48 in unreimbursed medical expenses was owed. On cross-examination, Ruiz agreed that the unreimbursed medical expenses were "supposed to be halved."

Ruiz testified she was asking the court to award her a disproportionate division of the property because she thought Gonzalez was hiding income. Ruiz testified Gonzalez has a second job in real estate, but he did not disclose that he had real estate income during the course of the case. Ruiz testified Gonzalez had not filed income taxes since 2008, but he "talks about having a business partner that he flips houses with." Ruiz testified she also asked for a disproportionate division because the debts, bills, and health insurance costs were all in her name, and it was only

her credit that was being affected by any delinquencies. Ruiz submitted a summary of expenses to establish her financial situation, which was admitted without objection. Regarding the vehicles Ruiz listed in her inventory, she admitted a Toyota Sequoia she listed was in Gonzalez's father's name, but she testified "We paid for that car," it was paid off, and it was the car Ruiz had "always driven."

Caroline Roberts-Daley, a family court counselor, testified she performed the child custody evaluation in this case. Roberts-Daley testified Ruiz is "a very caring mother" who "loves her kids very much." Roberts-Daley met with Ruiz "five or six times" and visited Ruiz's home, which provided a room for each child and was "child focused." Roberts-Daley testified Ruiz was concerned about Gonzalez not paying child support and "him exposing the children this early to a relationship that [Ruiz] felt he had with another woman." Gonzalez told Roberts-Daley that Palacios was "a business partner," and they "repair and fix homes to sell." The children told Roberts-Daley that they had gone fishing with Palacios's son, and they went to restaurants and to Palacios's home. The children said that, at Palacios's home, Gonzalez and Palacios "talk" in Palacios's bedroom with the door locked. Regarding documentation Roberts-Daley requested, Ruiz provided the requested material, but Gonzalez was missing letters of reference and a "letter from employment verification." Roberts-Daley testified Gonzalez never gave her information that would help her verify his employment. Roberts-Daley visited Gonzalez's home and determined the children had to share a room but had "their own set of drawers and clothes."

Gonzalez testified that, "for many years," Ruiz said she was not happy with the marriage. Gonzales blamed Ruiz's "change in lifestyle" for the breakdown of the marriage. Gonzalez testified Ruiz "wanted to go out more with her cousins," and "she wouldn't come home when she went out." Gonzalez testified Ruiz "would go out wearing certain clothes, dressed a certain way, but she came back a certain way." When asked what was so special about her clothes, Gonzalez

replied, "Very provocative." Gonzalez testified Ruiz went out to clubs "at least once a month," and "There was never an incident where she went out and came home that night."

Gonzalez testified that, in January 2016, he had a Ford 250 truck stolen, and he "received a check." The trial judge asked Gonzalez the amount of the check, and Gonzalez answered, "I don't recall." The trial judge asked if the amount was more than $5000, and appellant answered, "Maybe? I mean, I don't recall, to be honest with you." In response to questioning by his counsel, Gonzalez testified he spent the money he received for the truck on "Necessities, spent on the children." Gonzalez testified he had not paid all his child support because he "started a new job," and his income "dropped significantly." On cross-examination, Gonzalez said he was making $20.91 per hour and also had a real estate license since 2002. Gonzalez said he had helped Palacios purchase homes with her money, but he was not getting paid for "counseling and advising" her. When asked if he closes the door when he's in the bedroom with Palacios, Gonzalez answered, "At that time, yes," but he denied locking the door. Gonzalez also denied being in an intimate relationship with Palacios. Gonzalez confirmed that he "want[ed] the Court to believe" Palacios was his business partner, he was not getting any money from "flipping of these houses," and he had not "made anything as a real estate agent."

At the conclusion of the hearing, the trial judge orally pronounced findings that it was in the best interest of the children to give Ruiz the exclusive right to determine the primary residence of the children, receive child support, and make educational decisions. The judge ordered Gonzalez to pay $550 per month in child support and confirmed a $5500 child-support judgment and a medical support judgment of $5580. The judge also awarded Ruiz an $1816.74 judgment for unreimbursed medical expenses. Regarding the property division, the judge awarded one house to Ruiz and ordered the other one sold and the proceeds split equally between Ruiz and Gonzalez. The judge awarded Gonzalez the insurance check for payment of his stolen truck. On September

–5–

30, 2016, the trial judge signed a final decree of divorce in keeping with her oral pronouncements. In October 2016, Gonzalez filed a request for findings of fact and conclusions of law and a motion for new trial. The trial court took no action on Gonzalez's request or motion, and this appeal followed.

We first address Gonzalez's second issue in which he complains the trial court abused its discretion in disproportionately and inequitably dividing the parties' property. Specifically, he argues the trial court granted Ruiz 72% of the property and 28% of the property to Gonzalez, and this division "was so manifestly unjust and unfair so as to constitute an abuse of discretion." Gonzalez also complains the trial court mischaracterized property and liability in dividing the property without any legally or factually sufficient evidence to support such a characterization.

An appellate court reviews a trial court's division of property under an abuse of discretion standard. *Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.) (citing *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied)). The trial court is afforded broad discretion in dividing the community estate and an appellate court must indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998); *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 384 (Tex. App. —Dallas 2013, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *In re Marriage of C.A.S.*, 405 S.W.3d at 383; *Moroch*, 174 S.W.3d at 857. To determine whether the trial court abused its discretion, an appellate court considers whether the trial court: (1) had sufficient evidence upon which to exercise its discretion; and (2) erred in its exercise of that discretion. *In re Marriage of C.A.S.*, 405 S.W.3d at 383; *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App. —Dallas 2009, no pet.). The applicable sufficiency review comes into play with regard to the first question. *In re Marriage of C.A.S.*, 405 S.W.3d at 383;

*Moroch*, 174 S.W.3d at 857. An appellate court then proceeds to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *In re Marriage of C.A.S.*, 405 S.W.3d at 383; *Moroch*, 174 S.W.3d at 857.

In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review. *Moroch*, 174 S.W.3d at 857; *see also In re A.B.P.*, 291 S.W.3d at 95 (discussing standard). When deciding if the trial court abused its discretion, the legal and factual sufficiency of the evidence are not independent grounds of reversible error, but instead constitute factors relevant to an appellate court's assessment of whether the trial court abused its discretion. *In re Marriage of C.A.S.*, 405 S.W.3d at 383; *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App. —Dallas 2012, pet. denied); *Moroch*, 174 S.W.3d at 857.

In a divorce decree, the trial court shall order a division of the parties' estate in a manner that the trial court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (West 2006); *In re Marriage of C.A.S.*, 405 S.W.3d at 384. The property division need not be equal and the trial court may consider many factors when exercising its broad discretion to divide the marital property. *Murff*, 615 S.W.2d at 699; *In re Marriage of C.A.S.*, 405 S.W.3d at 384. Mathematical precision in dividing property in a divorce is usually not possible. *Murff*, 615 S.W.2d at 700. The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *In re Marriage of C.A.S.*, 405 S.W.3d at 384.

Here, Ruiz submitted a summary of the relief she was requesting, which the court admitted without objection. Gonzalez failed to present his requested relief. Ruiz submitted a summary of expenses to establish her financial situation which was admitted without objection. Gonzalez did not object to Ruiz's testimony and admission into evidence of a summary showing Gonzalez owed

$5580 in unpaid health insurance. Ruiz testified that, giving Gonzalez "credit for $4400," he owed $5500 in child support arrearages. Ruiz also testified and introduced an exhibit showing $3369.48 in unreimbursed medical expenses was owed. On cross-examination, Ruiz agreed that the unreimbursed medical expenses were "supposed to be halved." Ruiz testified she also asked for a disproportionate division because the debts, bills, and health insurance costs were all in her name. In each case, Gonzalez did not object to Ruiz's testimony or the admission of her supporting documents.

At the conclusion of the hearing, the trial court orally ordered Gonzalez to pay Ruiz $550 per month in child support and confirmed a $5500 child-support judgment and a medical support judgment of $5580. The judge also awarded Ruiz a $1816.74 judgment for unreimbursed medical expenses, which was fifty percent of the total amount. Regarding the property division, the judge awarded one house to Ruiz and ordered the other one sold and the proceeds split equally between Ruiz and Gonzalez. The judge awarded Gonzalez the insurance check for payment of his stolen truck. Gonzalez did not dispute or object to Ruiz's testimony, her documentation, or the trial court's oral division of the parties' property. Under these circumstances, we conclude Ruiz's testimony and supporting documentation constituted some evidence of a substantive and probative character to support the trial court's decision. *See In re Marriage of C.A.S.*, 405 S.W.3d at 383; *Moroch*, 174 S.W.3d at 857. Gonzalez has failed to meet his burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *In re Marriage of C.A.S.*, 405 S.W.3d at 384. We overrule Gonzalez's second issue.

In his first issue, Gonzalez argues the trial court reversibly erred in failing to file findings of fact and conclusions of law. Section 6.711(a) of the family code provides that in a suit for dissolution of marriage, on request by a party, the court shall state in writing its findings of fact

and conclusions of law concerning: (1) the characterization of each party's assets, liabilities, claims, and offsets on which disputed evidence has been presented; and (2) the value or amount of the community estate's assets, liabilities, claims, and offsets on which disputed evidence has been presented. TEX. FAM. CODE ANN. § 6.711(a) (West 2006); *In re Marriage of C.A.S.*, 405 S.W.3d at 380. Harm to the complaining party is presumed unless the contrary appears on the face of the record when the party makes a proper and timely request for findings and the trial court fails to comply. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). However, a trial court's failure to make findings is not harmful error if "the record before the appellate court affirmatively shows that the complaining party suffered no injury." *Id.* (quoting *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). When there is evidence in the appellate record to support the trial court's decision, the failure to make findings and conclusions is considered harmless error. *Id.* Here, we have already concluded Ruiz's testimony and supporting documentation constituted some evidence of a substantive and probative character to support the trial court's decision. Under these circumstances, we conclude the trial court's failure to make findings and conclusions was harmless error. We overrule Gonzalez's first issue.

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

161516F.P05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.G. AND C.B.G., CHILDREN,

No. 05-16-01516-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-14-16771.
Opinion delivered by Justice Bridges.
Justices Evans and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Claudia Ruiz recover her costs of this appeal from appellant Alfonso Gonzalez, III.

Judgment entered July 24, 2018.