**In re E.M.V., a child.**

**No. 05–09–00306–CV.**

Court of Appeals of Texas, Dallas.

May 7, 2010.

---

Harold Glen Adams, McKinney, TX, for Appellant.

Vincent Chuks Ndukwe, Law Office of MNC Vincent & Associates, for Appellee.

Before Justices O'NEILL, FRANCIS, and MURPHY.

## OPINION

Opinion By Justice O'NEILL.

This is a restricted appeal brought by appellant Jose Vargas. He contends the trial court erred by signing a default judgment granting a final divorce decree between him and his wife Eva, which divided property and determined custody of the couple's child. We affirm in part and reverse and remand in part.

### Elements of a Restricted Appeal

As a threshold matter, we must determine whether appellant has satisfied the requirements of a restricted appeal. The four elements necessary for review of a restricted appeal are (1) notice filed within six months of the date of judgment; (2) by a party to a suit; (3) who did not participate at trial; and (4) the error complained of is apparent from the face of the record. TEX. RS.APP. P. 26.1(c), 30; *Osteen v. Osteen*, 38 S.W.3d 809, 811–12 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Appellant satisfies the first element because he filed his Notice of Restricted Appeal on March 6, 2009, and the trial court signed the final divorce decree on January 12, 2009. He satisfies the second element because it is undisputed he was the respondent below.

Appellant also meets the third requirement of a restricted appeal because he did not participate in the hearing resulting in the default judgment. The supreme court's test for participation is whether appellant participated in the decision-making event that resulted in judgment adjudicating his rights. *Osteen*, 38 S.W.3d at 812. Here, the divorce decree states "Respondent, JOSE VARGAS, although duly and properly cited, did not appear and wholly made default."

Thus, the only remaining jurisdictional issue before us is whether error is apparent from the face of the record. For purposes of a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). Therefore, we will review the reporter's record for error regarding the sufficiency of the evidence.

### Standard of Review

When reviewing a legal sufficiency point, an appellate court must consider only the evidence and inferences which tend to support the trial court's findings, disregarding all contrary evidence and inferences. *Wal–Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998). Any evidence of probative force supporting a finding requires the reviewing court to uphold the finding. *Osteen*, 38 S.W.3d at 813.

### Discussion

As a general rule, no evidence is required to support a default judgment.

*Id.* at 814. But in the context of a divorce, the rule is narrower. Texas Family Code Annotated section 6.701 provides, "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM.CODE ANN. § 6.701 (Vernon 2006). Therefore, even if the respondent fails to file an answer, the petitioner must adduce proof to support the material allegations in the petition. *Osteen,* 38 S.W.3d at 813; *Considine v. Considine,* 726 S.W.2d 253, 254 (Tex.App.-Austin 1987, no writ).

■ Here, the record is legally sufficient to support the trial court's decision to restrict appellant's visitation with EMV despite his allegation that the evidence "is conclusory and does not give the Court any sufficient facts to deny possession." Eva testified appellant is a violent man who has committed multiple acts of violence towards her in the previous two years. Her daughter also witnessed some of the violence. Further, she testified appellant agreed to restricted access to EMV with supervised visitation. We conclude this evidence is of sufficient probative force to uphold the trial court's decision to restrict appellant's access to EMV. *Osteen,* 38 S.W.3d at 813. We overrule appellant's first issue.

■ In his second issue, he complains the evidence is legally insufficient to support the trial court's division of community property. The trial court awarded Eva two houses in Dallas County and appellant a house and some land in Mexico. The divorce decree provides a legal description and physical address of the homes in Dallas County, but only describes appellant's property as "the house and 3 lots in Mexico."

■ Although the trial court is not required to divide the community estate equally, its division must · be equitable.

*Sandone v. Miller–Sandone,* 116 S.W.3d 204, 207 (Tex.App.-El Paso 2003, no pet.). The trial court's discretion is not unlimited, and there must be some reasonable basis for unequal division. *Id.* Here, there is a complete absence of evidence to support the division of property because there is no evidence of the properties' values. *Id.; see also O'Neal v. O'Neal,* 69 S.W.3d 347, 350 (Tex.App.-Eastland 2002, no pet.) (holding evidence was insufficient to support division of community property when the record contained no evidence of property value). Thus, the trial court had insufficient evidence to divide the property fairly and equitably, and this error is apparent from the face of the record. Consequently, the trial court abused its discretion in the division of property. We sustain appellant's second issue.

### Conclusion

The divorce decree is reversed as to the division of the residential community property and remanded to the trial court for consideration. In all other respects, the judgment is affirmed.