**Opinion issued March 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00071-CV

———————————

**HECTOR COLMENERO, Appellant**

**V.**

**GABRIELA COLMENERO, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-06265**

---

## MEMORANDUM OPINION

Appellant Hector Colmenero appeals from a default divorce judgment rendered in favor of Appellee Gabriela Colmenero. In two issues, Hector contends that (1) the trial court erred in denying his motion to set aside the default judgment and for new trial, and (2) there was insufficient evidence to support the judgment

awarding assets and child support to Gabriela. We conclude that the evidence is insufficient to support the trial court's "just and right" division of the community estate and therefore reverse and remand for a new trial.

## Background

Gabriela and Hector married in 2000 and had two children. Gabriela and Hector separated in December 2009. In 2013, Gabriela filed for divorce, alleging that the marriage had become insupportable.

Hector was served with process but never answered. On October 16, 2013, the trial court conducted a trial in Hector's absence. Gabriela offered no documentary evidence and was the sole witness. According to Gabriela, she and Hector purchased seven properties during their marriage—six in Mexico and one in Houston, located at 2206 Richmond Avenue ("Houston property"). Gabriela testified that the six properties in Mexico are in Hector's name and that he primarily lives in Mexico.

Gabriela testified that they purchased the Houston property in 2006 and that there are two mortgages on the property, totaling $3,300. Gabriela also testified that she and her children live in the Houston residence and that she has paid the mortgage and utilities since she and Hector separated in 2009. Additionally, she testified that she and Hector own a business, Mercado Mexico, that sold Mexican crafts and goods, and that they ran the business out of their Houston property.

2

Gabriela did not testify regarding the value of the total community estate, but with respect to the division of the marital estate, she testified:

Q: And are you requesting that that property at 2206 Richmond be awarded to you, along with the mortgage on that property?

A: Yes.

The questions continued in the same vein and Gabriela answered affirmatively to questions that she requested the following:

- All household furnishings in her possession and that were in the Houston residence
- All clothing, jewelry, and personal effects in her possession
- All bank accounts in her name or subject to her sole control
- A 2004 Ford Expedition
- Mercado Mexico

Gabriela also answered affirmatively to questions that she requested that Hector receive the following:

- All household furnishings, fixtures, and equipment in his possession
- All clothing, jewelry, and personal effects in his possession
- All bank accounts in his name or subject to his control
- A 2001 Chevrolet pickup truck

When asked if she "believe[d] this property division is fair and equitable to both [her] and [her] husband," Gabriela responded, "Yes. I'm going to provide for our daughter that way, from that."

At the time of the hearing, one of the couple's children was 19 years old and the other child was 15 years old. With regard to their minor child, Gabriela

3

requested that the trial court declare she and Hector as Joint Managing Conservators, but that she have the exclusive right to determine the primary residence of the child and make decisions for the child. Gabriela also requested $400 per month in child support and testified that she believed that was a reasonable amount. She testified that Hector's average monthly income varies between $5,000 and $15,000 but that, on average, he earns $3,000 per month.

The day of the hearing, the trial court entered a final divorce decree, containing a "Division of Marital Estate" subsection. In it, the trial court awarded Gabriela and Hector their respective: (1) household furnishings and fixtures, (2) clothing, jewelry, and other personal effects, and (3) all sums of cash in his or her possession or subject to his or her control. The decree also awarded Gabriela the Houston property, Mercado Mexico, and a 2004 Ford Expedition and Hector a 2001 Chevrolet pickup truck. Additionally, it ordered Hector to pay Gabriela $400 in monthly child support.

Hector concedes that he was served with process and failed to appear at the October 16, 2013 hearing. However, on November 5, 2013, he filed a "motion to set aside default judgment," arguing that his failure to file an answer was the result of accident and mistake. Hector failed to offer any evidence in support of his motion. He asserted that after Gabriela filed for divorce, they continued living together, which led Hector to believe that it was unnecessary to answer Gabriela's

4

petition. Hector argued that he had the meritorious defenses of "in supportability and fraud," and that a new trial would not occasion delay or prejudice Gabriela because they continued to live together. Additionally, Hector contended that the division of property was not "just and equitable."

The trial court conducted a hearing on the motion on December 19, 2013 at which the trial court heard argument. The trial court heard no testimony, admitted no evidence, and denied the motion that same day.

Approximately two weeks later, on January 3, 2014, Hector filed a "motion to reconsider court's order denying respondent's motion to set aside default judgment/motion for new trial," asserting largely the same arguments as his previous motion. But he asserted for the first time that (1) he had a meritorious defense of adultery and (2) Gabriela committed fraud by failing to disclose the value of the estate and that Mercado was Hector's separate property. In support of that motion, Hector offered an affidavit and Mercado Mexico's certificate of ownership. The trial court did not conduct a hearing on this motion or enter an order denying it.

## Discussion

In his second issue, Hector contends that the evidence is insufficient to support the relief granted in the divorce decree. Specifically, he contends that the trial court mischaracterized Mercado Mexico as community property and that the

5

evidence is insufficient to support the trial court's division of community property and award of child support.

**A.     Applicable Law and Standard of Review**

Texas Family Code section 6.701 provides: "In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701 (West 2006).  Therefore, when the respondent fails to file an answer, the petitioner must adduce proof to support the material allegations in the petition.  *In re E.M.V.*, 312 S.W.3d 288, 291 (Tex. App.—Dallas 2010, no pet.) (citing *Osteen v. Osteen*, 38 S.W.3d 288, 813 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Considine v. Considine*, 726 S.W.2d 253, 254 (Tex. App.—Austin  1987, no writ)).

Under section 7.001 of the Texas Family Code, the trial court must divide community property in a "just and right" manner.  TEX. FAM. CODE ANN. § 7.001 (West 2006).  It is well established that a trial court has wide discretion in ordering a property division.  *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974).  The division of property need not be equal and it is presumed that the trial court properly exercised its discretion in determining the value and division of marital property.  *Id.*  We review an alleged error in dividing marital property for an abuse of that discretion. *Id.*

In family law cases, legal and factual sufficiency challenges do not constitute independent grounds for asserting error, but are relevant factors in determining whether the trial court abused its discretion. *See Beaumont Bank v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *Moore v. Moore*, 383 S.W.3d 190, 198 (Tex. App.—Dallas 2012, pet. denied). To determine whether a trial court abused its discretion because the evidence is legally or factually insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). We conduct the applicable sufficiency review when considering the first prong of the test. *Id.* We then determine whether, based on the evidence, the trial court made a reasonable decision. *Id.* If the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion. *Wilson v. Wilson*, 132 S.W.3d 533, 537 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citing *Sandone v. Miller–Sandone*, 116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.) (holding that trial court abused its discretion in dividing property because there was no evidence of community estate's value); *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex. App.—Houston [1st Dist.] 1993, no writ) (legal and factual sufficiency are relevant factors in assessing whether trial court abused its discretion)).

**B.    Analysis**

**1.    Division of the marital estate**

Hector contends that there was insufficient evidence to support the trial court's division of the marital estate. We agree.

The record must contain sufficient evidence to support the trial court's division of the marital estate. *Wilson*, 132 S.W.3d at 537. Here, there is nothing in the record demonstrating the value of the community estate. Notably, Gabriela failed to identify the value of the community estate in her testimony. She never defined the assets of the community estate, nor described them with any particularity. She also failed to identify the value of the Houston property and Mercado Mexico. While Gabriela requested the division of property reflected in the decree, there is no evidence of the value of the community estate or of any of its component parts upon which the trial court could have concluded that the decree's division of the community estate was just and right. *See Barry v. Barry*, 193 S.W.3d 72, 75–76 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (insufficient evidence to support "just and right" division of property because petitioner's "testimony at trial only showed that she requested the division of property as it was given"); *Wilson*, 132 S.W.3d at 538 ("Given the dearth of evidence identifying, describing, and valuing the community estate, we hold that there is insufficient evidence to support the division of assets."); *Sandone*, 116 S.W.3d at 207–08

8

("Without the ability to determine the size of the community pie, we can make no determination that the slices awarded to each spouse was just and right."). Accordingly, we conclude that there is insufficient evidence to support the trial court's division of the assets and that the trial court abused its discretion in dividing the marital estate as it did. *See In re E.M.V.*, 312 S.W.3d at 291 (trial court abused its discretion in division of property because there was "insufficient evidence to divide the property fairly and equitably"); *Sandone*, 116 S.W.3d at 207–08 (trial court abused its discretion in division of property where there was no evidence showing value of community estate).

### 2. Child support

Hector also contends that there was insufficient evidence to support the $400 monthly child support award. Having concluded that insufficient evidence supports the division of the community estate, we reverse and remand the child support determination because it may be "materially influenced" by the property division. *See Vasquez v. Vasquez*, 292 S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (remanding child support after holding there was insufficient evidence to support division of marital estate because "such a claim may be 'materially influenced' by the property division"); *Wilson*, 132 S.W.3d at 539 (same).

We sustain Hector's second issue. Having concluded that the trial court erred in dividing the community estate and that a remand and new trial are needed, we need not address Hector's first issue regarding whether the trial court erred in denying his motions to set aside the default judgment and for new trial as its resolution would not result in greater relief to Hector. *See* TEX. R. APP. P. 47.1 (court of appeals need only address issues raised and necessary to disposition of appeal); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 294 (Tex. 2013) (same).

## Conclusion

We reverse the portion of the trial court's decree of divorce dividing the community estate of the parties and the child support award and remand for a new trial on those issues consistent with this opinion. In all other respects, we affirm the trial court's decree.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.