

**NUMBER 13-17-00585-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**SANDRA PENA,**                                                                    **Appellant,**

**v.**

**REYNOL PENA,**                                                                     **Appellee.**

## On appeal from the 389th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Contreras**

Appellant Sandra Pena appeals from a divorce decree granting appellee Reynol

Pena 100 percent of the parties' community property.  By one issue, Sandra contends

Reynol presented insufficient evidence to support the trial court's award to him of 100 percent of the community estate.[1]  We affirm in part and reverse and remand in part.

## I.  BACKGROUND

On May 9, 2017, Reynol filed a petition for divorce against Sandra on the basis that their marriage had become insupportable.  *See* TEX. FAM. CODE ANN. § 6.001 (West, Westlaw through 2017 1st C.S.).  Sandra did not file an answer and did not appear at the final hearing on Reynol's divorce petition.

At the hearing, Reynol testified that the community estate consisted of two vehicles and a mobile home, and he requested that all the property be awarded to him, with Sandra keeping any property in her possession.  Reynol, however, did not testify or provide any evidence of the value of any of the property to be divided.  On August 8, 2017, the trial court granted Reynol a final decree of divorce on the ground of insupportability and awarded him both vehicles, the mobile home, all the household furnishings and other goods in his possession and subject to his control, and all sums of cash in his possession or subject to his sole control.  The divorce decree did not award any property to Sandra.  Sandra did not file any post-judgment motions and did not request findings of fact and conclusions of law.  She filed her notice of restricted appeal on October 16, 2017.

## II.  DISCUSSION

### A.  Restricted Appeal

To prevail on a restricted appeal, Sandra must establish that:  (1) she filed a notice of restricted appeal within six months after the divorce decree was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in

---

[1] Reynol did not file a brief to assist us with this matter.

the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see* TEX. R. APP. P. 26.1(c), 30.

Here, the record shows that Sandra filed her notice of restricted appeal within six months, was listed on Reynol's petition for divorce as a party to the suit, and did not participate in the hearing on Reynol's petition. Thus, we must determine whether error is apparent on the face of the record. *See id.* For purposes of a restricted appeal, the face of the record consists of all the papers on file in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

## B. Standard of Review

We review a trial court's division of community property under an abuse of discretion standard. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). It is an abuse of discretion for a trial court to rule arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision, or if reasonable minds could differ as to the result. *Powell v. Swanson*, 893 S.W.2d 161, 163 (Tex. App.—Houston [1st Dist.] 1995, no writ). Absent a clear abuse of discretion, we do not disturb a trial court's division of community property. *Murff*, 615 S.W.2d at 698. If an appellate court finds reversible error in the property division, it must reverse and remand the entire estate for the trial court's consideration. *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985).

3

Under the abuse of discretion standard, legal and factual sufficiency of the evidence are not independent grounds for asserting error; however, they are relevant factors in assessing whether the trial court abused its discretion. *Banker v. Banker*, 517 S.W.3d 863, 869 (Tex. App.—Corpus Christi 2017, pet. denied). In determining whether an abuse of discretion has occurred because the evidence is legally or factually insufficient to support the trial court's decision, we ask: (1) whether the trial court had sufficient information upon which to exercise its discretion; and (2) whether the trial court erred in the application of its discretion. *Gonzalez v. Villarreal*, 251 S.W.3d 763, 774 n.16 (Tex. App.—Corpus Christi 2008, pet. dism'd); *In re T.D.C.*, 91 S.W.3d 865, 872 (Tex. App.—Fort Worth 2002, pet. denied); *see also Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (legal sufficiency); *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (factual sufficiency). The sufficiency review is related to the first inquiry. *In re T.D.C.*, 91 S.W.3d at 872. If it is revealed in the first inquiry that there was sufficient evidence, then we must determine whether the trial court made a reasonable decision. *Id.*

## C. Applicable Law

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003(a) (West, Westlaw through 2017 1st C.S.). A trial court divides the parties' community property "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." *Id.* § 7.001 (West, Westlaw through 2017 1st C.S.). This "just and right" standard is the sole method to account for and to divide community property upon divorce. *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998).

"Such a standard may at times lead to a disproportionate division of assets and liabilities of the parties, depending on the circumstances that courts may consider in refusing to divide the marital estate equally." *Id.* Thus, the property division need not be equal. *Murff*, 615 S.W.2d at 698–99; *O'Carolan v. Hopper*, 414 S.W.3d 288, 311 (Tex. App.—Austin 2013, no pet.). However, there must be some reasonable basis for an unequal division of the property. *O'Carolan*, 414 S.W.3d at 311; *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Nonexclusive factors a trial court may consider in unequally dividing the parties' community estate include the parties' earning capacities, education, business opportunities, physical condition, financial condition, age, size of separate estates, nature of the property, and the benefits that the spouse who did not cause the breakup of the marriage would have enjoyed had the marriage continued. *Murff*, 615 S.W.2d at 699; *Handley v. Handley*, 122 S.W.3d 904, 907–08 (Tex. App.—Corpus Christi 2003, no pet.).

We presume on appeal that the trial court correctly exercised its discretion when dividing property in a divorce proceeding, and the appellant bears the burden to show from the record that the division was so disproportionate, and thus unfair, that it constitutes an abuse of discretion. *Banker*, 517 S.W.3d at 870; *O'Carolan*, 414 S.W.3d at 311 (citing *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied)).

## D.    Analysis

By her sole issue, Sandra argues that there was insufficient evidence to support the trial court's award to Reynol of 100 percent of the community estate. We agree.

5

Here, the trial court divided the parties' community property unequally, granting Reynol all the property in the community estate and Sandra none. However, a review of the record shows a total absence of evidence in support of an unequal division of property. Reynol's testimony only identified the items to be divided, that there were no minor children of the marriage, and that the marriage had become insupportable. Reynol did not rebut the presumption that the property being divided in the divorce decree was community property, *see* TEX. FAM. CODE ANN. § 3.003(a), and he did not testify or otherwise introduce any evidence into the record in support of any of the factors that a trial court may consider in unequally dividing the parties' community estate. *See Murff*, 615 S.W.2d at 699. Thus, the trial court did not have a reasonable basis for its unequal division of the community property. *See O'Carolan*, 414 S.W.3d at 311; *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Furthermore, there is a complete absence of evidence to support the division of property because there is no evidence of the properties' values. Without a proper valuation of the spouses' community assets and liabilities, the trial court cannot properly exercise its discretion in making a just and right division of the community estate. *See, e.g.*, *In re E.M.V.*, 312 S.W.3d 288, 291 (Tex. App.—Dallas 2010, no pet.); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (concluding that "given the dearth of evidence identifying, describing, and valuing the community estate . . . there is insufficient evidence to support the division of assets"); *Sandone v. Miller–Sandone*, 116 S.W.3d 204, 207 (Tex. App.—El Paso 2003, no pet.); *O'Neal v. O'Neal*, 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.) (concluding evidence was insufficient to support division of community property when the record contained no

6

evidence of property value); *see also Suarez v. Suarez*, No. 13-04-108-CV, 2006 WL 1194960, at *2–3 (Tex. App.—Corpus Christi 2006, no pet.) (mem. op.). Therefore, we conclude the trial court had insufficient evidence to divide the property fairly and equitably, and this error is apparent from the face of the record.

We sustain Sandra's sole issue.

### III.     CONCLUSION

The trial court's division of property is reversed, and we remand for a new division of property consistent with this memorandum opinion. The remainder of the trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Delivered and filed the
5th day of July, 2018.

7