**AFFIRMED in part; REVERSE and REMAND in part; Opinion Filed November 12, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01429-CV

### IN THE INTEREST OF I.B., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-23294**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

The trial court rendered a final decree of divorce between Mother and Father, the parents of I.B., and denied Father's motion for new trial. Father appeals, challenging the trial court's division of property and award of child support. We affirm the trial court's judgment in part, reverse in part, and remand for further proceedings on the amount of child support to be paid by Father.

### BACKGROUND

Mother and Father were married in 2013. They ceased to live together as spouses shortly after I.B.'s birth in early 2017. Mother filed her original petition for divorce on November 22, 2017.

Father filed a waiver of service. Father also signed and filed Mother's November 6, 2017 settlement proposal letter. Mother's settlement offer, however, expired on November 10, 2017, and Father's signature is dated November 30, 2017.

On February 28, 2018, Mother filed a "Motion to Sign Final Decree of Divorce," requesting that the trial court render a final decree of divorce in accordance with the parties' November 30 settlement agreement. The motion recites that Father's counsel had not responded to Mother's request to execute the proposed decree and had not informed Mother's counsel of any objections to the proposed decree. The record does not reflect a hearing or an order on this motion. Instead, the next items in the clerk's record are Mother's amended petition, her motion to compel discovery, and her motion for mediation. There are no orders on these motions.

Although an attorney filed an entry of appearance on Father's behalf in February 2018, Father never filed an answer or responded to any motion.

The case proceeded to trial before the court on August 9, 2018. Father appeared late, after Mother's testimony had begun. He requested a recess until his attorney arrived, which the trial court granted. Mother then completed her testimony. When Father's counsel began Mother's cross-examination, however, Mother's counsel objected that "He's not entitled to ask any questions of my witness on the judgment nihil dicit." The trial court sustained the objection, and no further testimony was taken.

The trial court rendered judgment on Mother's requested relief, making findings on the best interest of the child and a just and right division of the property. The trial court rendered a final decree of divorce on August 22, 2018. The decree includes a provision that Father must pay Mother child support of $1,666.36 per month. The decree also recites:

> Respondent, [Father], waived issuance and service of citation by waiver duly filed, made a general appearance in the case, appeared in person and through his counsel of record, Bilal Khaleeq, however, the Court rendered Judgment Nihil Dicit against Respondent for failing to file an answer or any other pleading putting the merits of Petitioner's case at issue.

Father filed a motion for new trial, arguing that the evidence was legally and factually insufficient to support the trial court's judgment. He also argued that the trial court erred by ruling

that he could not testify at trial. At the hearing on the motion, Father testified that he withdrew his consent to the November 6 settlement letter because he disagreed with its provisions about his visitation with I.B.[1] Although the record is not entirely clear, it appears that Father had changed his mind by the time of the hearing and sought a new divorce decree incorporating the settlement agreement's terms. Father also testified that his annual net income was $18,000 to $19,000, not $100,000 as Mother had testified at trial, but he did not offer any supporting evidence. As he had at trial, Mother's counsel referred to "bank statements that show that you made over $100,000 in the course of six months," but Father testified the figure was incorrect. The bank statements were not introduced into evidence either at trial or at the hearing on the motion for new trial. At the conclusion of the hearing, the trial court denied the motion for new trial, explaining that Father did not sign the settlement letter before the offer in it expired, and the court "did not render judgment on this agreement." Accordingly, the trial court signed its "Order Denying Motion for New Trial" on October 15, 2018. This appeal followed.

### STANDARDS OF REVIEW

We review property division issues for abuse of discretion. *Reisler v. Reisler*, 439 S.W.3d 615, 619 (Tex. App.—Dallas 2014, no pet.). A trial court has wide latitude in how it divides a community estate, and we presume the court properly exercised its discretion. *In Interest of S.C.*, No. 05-15-00873-CV, 2016 WL 4010911, at *2 (Tex. App.—Dallas July 25, 2016, no pet.) (mem. op.). We also review a trial court's judgment on child support for abuse of discretion. *In re J.G.L.*, 295 S.W.3d 424, 426 (Tex. App.—Dallas 2009, no pet.). A trial court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

---

[1] The "Child Related Provisions" in Mother's November 6, 2017 settlement proposal letter permitted Mother to "let the child remain with her parents in Nepal for a period of at least 2 years." After I.B. returned to the United States, Father was to have supervised possession until I.B. reached age 3. In exchange, Father was not required to pay child support.

A trial court abuses its discretion when it acts arbitrarily or unreasonably or without any reference to guiding rules and principles. *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). In family law cases, the abuse of discretion standard of review overlaps with the traditional sufficiency standards of review; as a result, legal and factual sufficiency are not independent grounds of reversible error, but instead constitute factors relevant to our assessment of whether the trial court abused its discretion. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). To determine whether the trial court abused its discretion we consider whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). The applicable sufficiency review comes into play with regard to the first question. *Moroch*, 174 S.W.3d at 857. We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.* An abuse of discretion generally does not occur if some evidence of a substantive and probative character exists to support the trial court's decision. *In re S.M.V.*, 287 S.W.3d 435, 450 (Tex. App.—Dallas 2009, no pet.).

A petition in a divorce case may not be taken as confessed even if the respondent fails to file an answer. TEX. FAM. CODE § 6.701; *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Accordingly, a trial court abuses its discretion in dividing the community estate based on the respondent's default where the record does not support the valuation and division of the estate. *Fuentes*, 555 S.W.3d at 162.

## DISCUSSION

Father asserts five issues. He challenges the legal and factual sufficiency of the evidence to support the trial court's judgment "regarding property division and child support" (Issue 4). He also contends the trial court:

- erred by rendering a decree by default or nihil dicit[2] when Father filed an answer and appeared for trial (Issue 1),

- abused its discretion by rendering a nihil dicit default judgment (Issue 2),

- erred by excluding him from participating in the trial even if the judgment nihil dicit was proper (Issue 3), and

- abused its discretion by denying his motion for new trial (Issue 5).

"In a suit for divorce, the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE § 6.701. If the respondent in a divorce case fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *In re E.M.V.*, 312 S.W.3d 288, 291 (Tex. App.—Dallas 2010, no pet.); *see also Friedman v. Friedman*, No. 05-11-00034-CV, 2012 WL 3017073, at *4 (Tex. App.—Dallas July 24, 2012, no pet.) (mem. op.) ("Defendants in divorce suits are not precluded from defending by their failure to plead . . . ."). Accordingly, a default judgment of divorce is subject to an evidentiary attack on appeal. *Gonzalez*, 331 S.W.3d at 866 (citing *Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.)). Consequently, we conclude that Father may challenge the legal and factual sufficiency of the evidence to support the trial court's judgment regardless of whether he filed an answer. We further conclude that although the trial court erred by ruling that Father could not participate in trial, *see Friedman*, 2012 WL 3017073, at *4, Mother met her burden to support the material allegations in her petition with the exception of the amount of child support, for the reasons we discuss below.

A trial court is charged with dividing the parties' estate in a just and right manner, considering the rights of both parties and any children of the marriage. TEX. FAM. CODE § 7.001;

---

[2] A judgment rendered against a defendant who appears but does not file an answer is not a default judgment, but a judgment nihil dicit. *Hegwer v. Edwards*, 527 S.W.3d 337, 342 (Tex. App.—Dallas 2017, no pet.). Nihil dicit literally means "he says nothing." *Id.* (quoting *Nihil dicit*, BLACK'S LAW DICTIONARY (10th ed. 2014)). As the court explained in *Stoner v. Thompson*, a defendant who appears, but does not put the merits of the plaintiff's case at issue, is subject to a judgment nihil dicit. 578 S.W.2d 679, 683 (Tex. 1979). A judgment nihil dicit "carries an even stronger confession than the default judgment," *id.* at 682, constituting the non-answering party's "admission" of the facts properly pleaded and the justice of the opponent's claim. *See Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 512 (Tex. App.—El Paso 2013, no pet.) (discussing types of default judgments).

*In re S.A.A.*, 279 S.W.3d 853, 857 (Tex. App.—Dallas 2009, no pet.). Mother testified at trial about her request that the parties be awarded the bank accounts in their names, the vehicles in their possession, and their respective retirement accounts. Mother also testified that the parties did not acquire any stocks, bonds, other accounts, airline miles, real property, or real estate during the marriage. The trial court awarded property to the parties in accordance with Mother's requests. The only debts identified—promissory notes on a 2016 Toyota Corolla and a 2016 Honda Accord—were divided so that each party would pay the balance due on the vehicle in his or her possession.

Father does not argue that the property division was disproportionate or that it omitted consideration of other community assets or liabilities. Instead, citing *Wilson v. Wilson*, 132 S.W.3d 533, 539 (Tex. App.—Houston [1st Dist.] 2004, pet. denied), Father argues that child support and property division "are both financial issues," so both issues must be remanded when the property division is not supported by sufficient evidence. In *Wilson*, insufficient evidence supported division of the community estate where the decree referenced real estate, notes, and other assets not described or valued during the wife's testimony. *See id.* at 538. This Court reached a similar conclusion in *In re E.M.V.*, where the trial court divided three houses and additional real estate in Dallas and Mexico between the parties without any evidence of the values of the properties. *In re E.M.V.*, 312 S.W.3d at 291.

Here, in contrast, Father does not identify any similar unvalued assets or liabilities. In *Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.), we explained that "when a party does not provide values for property to be divided, that party may not complain on appeal that the trial court lacked sufficient information to properly divide the property." Father did not make any offer of proof after the trial court sustained Mother's objection to his participation at trial. *See Bobbora v. Unitrin Ins. Servs.*, 255 S.W.3d 331, 334–35 (Tex. App.—Dallas 2008, no

pet.) (failure to make offer of proof to demonstrate substance of excluded evidence results in waiver); TEX. R. EVID. 103(a)(2) (party may claim error in ruling to exclude evidence only if error affects a substantial right of the party, and the party informs court of its substance by offer of proof, unless substance apparent from context); *In re D.T.K.*, No. 05-10-01613-CV, 2014 WL 3808914, at *3 (Tex. App.—Dallas Aug. 1, 2014, no pet.) (mem. op.) (applying rule 103(a)(2) to valuation of mixed-property residence in divorce). Nor does Father's motion for new trial identify property that was not included in the trial court's division. When permitted to testify at the hearing on his motion for new trial, Father said nothing about community assets or liabilities omitted from the decree and made no offers of proof. Nor has he argued that the trial court's property division affects his ability to pay child support. On this record, we cannot conclude that the trial court abused its discretion in the decree's property division. *See In re A.B.P.*, 291 S.W.3d at 95.

Similarly, to the extent Father challenges the trial court's conservatorship determinations,[3] he has not shown a clear abuse of discretion. Mother testified that Father lives in California and has seen I.B. only a few times since his birth. Most of the visits occurred after Father hired an attorney to represent him in the divorce. Mother explained that Father did not know how to feed or care for I.B., and when I.B. is with Father, I.B. "cries too much, like, he thinks he met a stranger or somebody." She testified that Father had not participated at all in I.B.'s caregiving. Father had never taken I.B. to the doctor and did not know the doctor's name or contact information. She concluded that I.B.'s physical, psychological, and emotional needs and his development would not benefit from appointment of Father as joint managing conservator, especially because of Father's lack of relationship with I.B. and the distance between the parties' homes. She requested supervised visitation until I.B. is three because of I.B.'s "lack of relationship" with Father and

---

[3] Although Father does not assert an issue specifically complaining of the trial court's conservatorship determinations, his brief includes his complaint that he was "not even allowed to cross-examine Mother about her request that his time with his child be supervised." Consequently, we consider whether the trial court abused its discretion in its conservatorship rulings. *See* TEX. R. APP. P. 38.1(f) (statement of issue or point in appellant's brief "will be treated as covering every subsidiary question that is fairly included").

Father's lack of experience in raising children. Mother testified that she was asking the court to award standard possession to Father after I.B. reaches age three. The trial court's decree includes detailed provisions addressing Father's visitation before I.B. reaches age three, and provides for standard visitation thereafter. We conclude the trial court had sufficient evidence on which to exercise its discretion, and did not abuse its discretion in its rulings on conservatorship of I.B. *See In re A.B.P.*, 291 S.W.3d at 95; *see also* TEX. FAM. CODE § 153.254 (factors to consider for possession of child less than three years of age).

We reach a different conclusion, however, regarding the amount of child support. Mother did not offer evidence of Father's income from which an amount of child support could be determined, other than her unsupported testimony that Father earned $100,000 per year working for Uber and Lyft. She did not know whether the $100,000 figure represented gross income or net. Under Texas law, child support is generally determined by calculating the child support obligor's monthly net resources and applying statutory guidelines to that amount. *Gonzalez*, 331 S.W.3d at 868 (citing TEX. FAM. CODE §§ 154.062(a), 154.125, 154.122, 154.123). Mother did not present evidence from which the trial court could calculate Father's net resources or apply a statutory presumption in order to determine Father's child support liability. *See id.* at 868; *see also* TEX. FAM. CODE § 154.068(a) (stating presumption to be applied in absence of evidence of party's resources). Although Mother's attorney at both hearings referred to documentary evidence of Father's earnings, nothing was offered into evidence other than Mother's testimony. We note that the trial court was not required to believe Father's unsubstantiated testimony at the hearing on his motion for new trial that he made "around 18 or 19 thousand" annually. *Reisler v. Reisler*, 439 S.W.3d 615, 620 (Tex. App.—Dallas 2014, no pet.) (trial court is sole judge of witnesses' credibility in family law bench trial). But given this record, the trial court did not have sufficient evidence on which to exercise its discretion in making its child support determination. *See In re*

*A.B.P.*, 291 S.W.3d at 95. Consequently, we conclude that the trial court abused its discretion in ordering child support in the amount of $1,666.36 per month. *See id.* We sustain the portions of Father's first four issues challenging the amount of child support. We decide the remainder of Father's first four issues against him.

In his fifth issue, Father argues that the trial court erred by denying his motion for new trial because he met the requirements of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Because we have already sustained Father's challenge to the amount of child support, we consider his fifth issue only insofar as it challenges the trial court's rulings on conservatorship and property division. A motion for new trial from a judgment nihil dicit is governed by the same standards as a new trial from a default judgment. *Evans v. Woodward*, 669 S.W.2d 154, 155 (Tex. App.—Dallas 1984, no writ). *Craddock* and the cases following it provide that a default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to mistake or accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion for new trial is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Friedman v. Friedman*, No. 05-11-00034-CV, 2012 WL 3017073, at *1 (Tex. App.—Dallas July 24, 2012, no pet.) (mem. op.).

We conclude that Father's motion failed to set up a meritorious defense on conservatorship or property division. As we have explained:

> The requirement of a motion that 'sets up a meritorious defense' has been explained by the Supreme Court as including two elements: (1) allegation of facts which in law constitute a defense, as distinguished from a legal conclusion that defendant has such a defense, and (2) support of such an allegation by affidavits or other evidence proving prima facie that defendant has a meritorious defense.

*Bredeson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 513 S.W.2d 110, 112 (Tex. Civ. App.—Dallas 1974, no writ). Although Father's motion for new trial alleges that he "has a meritorious

defense to the cause of action alleged in this case," the motion does not identify the defense. The motion contains Father's declaration under penalty of perjury that "[t]he statement contained in paragraph [sic] 1 to 6 in the motion is within my personal knowledge and is true and correct," but he alleged in those paragraphs only that he was "not allowed to present any testimony" and "[t]he evidence [sic] presented by the Petitioner was no [sic] supported by facts." On appeal, Father relies on his "testimony that his child support ordered by the trial court was based upon a grossly exaggerated income figure" for his meritorious defense. He does not make any argument regarding the trial court's property division or conservatorship rulings. Consequently, we conclude the trial court did not err by denying Father's motion for new trial on conservatorship and property division, and we decide his fifth issue against him.

## CONCLUSION

We reverse that part of the final decree of divorce concerning the amount of child support to be paid by Father. We remand to the trial court for determination of that issue. In all other respects, we affirm the final decree of divorce.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

181429F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF I.B., A CHILD,

No. 05-18-01429-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-17-23294.
Opinion delivered by Justice Osborne; Justices Myers and Nowell, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment ordering appellant Poojan Bhandari to pay appellee Neelam Sijapati child support in the amount of $1,666.36 per month. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear his or her own costs of this appeal.

Judgment entered November 12, 2019