**Affirm in part, reverse in part and remand; Opinion Filed October 28, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01260-CV

**TAMMY LEJUNE HEAP-WELCH, Appellant**
**V.**
**DAVID MARK WELCH, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-18-0876**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

In this restricted appeal of a default divorce decree, appellant, Tammy LeJune

Heap-Welch, challenges the division of the marital estate. We affirm the trial court's

decree in part, reverse the decree in part, and remand the case for further proceedings

consistent with this opinion. Because all issues are settled in the law, we issue this

memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On May 21, 2018, appellee, David Mark Welch, filed for divorce from

appellant. As grounds for divorce, appellee alleged insupportability. Although

appellant was served with the petition, she did not file an answer and did not appear at the April 16, 2019 prove-up hearing.

Appellee was the only person who testified at that hearing, and his testimony was brief. The reporter's record consists of five pages. That record shows appellee had been a resident of the State of Texas and a domiciliary of Grayson County for the time period necessary to maintain his suit for divorce in Grayson County, and that he and appellant had been separated for approximately two years. Appellee presented a proposed decree to the court and represented that it included all of the marital property.

The trial court granted the divorce at the conclusion of the hearing and signed the form of decree presented by appellee without modification. In doing so, the court found there were no children to the marriage and none were expected. The trial court divided the marital estate and awarded appellant twenty-five percent of the net proceeds from the receivership sale of certain real property in accordance with an order of the County Court at Law in Ellis County in cause number 18-C-3239; all personal property and effects in her possession or subject to her sole control, except as otherwise awarded to appellee; cash in her possession or subject to her sole control; all sums in retirement plans and benefits from plans existing by reason of her employment; and all life insurance policies insuring her life. The trial court awarded appellee twenty-five percent of the net proceeds from the receivership sale

of certain real property in accordance with the order of the County Court at Law in Ellis County in cause number 18-C-3239; all personal property and effects in his possession or subject to his sole control; items in appellant's (Tammy's) possession that were listed in an exhibit to the decree; cash in his possession or subject to his sole control; all sums in retirement plans and benefits from plans existing by reason of his employment; all life insurance policies insuring his life; and three vehicles. The trial court also divided the marital debt, requiring appellee to pay the notes on the vehicles and equipment he was awarded. On October 16, 2019, appellant perfected this restricted appeal. *See* TEX. R. APP. P. 26.1(c), 30.

## DISCUSSION

A restricted appeal is a direct attack on the judgment of the trial court. TEX. R. APP. P. 30. Such an appeal must (1) be brought within six months after the judgment was signed; (2) by a party to the underlying lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) complain of error apparent on the face of the record. *Id.* 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman*

*Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *In re E.M.V.*, 312 S.W.3d 288, 290 (Tex. App.—Dallas 2010, no pet.).

It is undisputed that appellant filed her notice of restricted appeal within six months after the judgment was signed, that she was a party to the underlying suit, and that she did not participate in the hearing that resulted in the complained-of judgment or file any post-judgment motions. Thus, our analysis focuses on the fourth element of a restricted appeal—whether error is apparent on the face of the record in this divorce by default.

In a suit for divorce, "the petition may not be taken as confessed if the respondent does not file an answer." TEX. FAM. CODE ANN. § 6.701. If the respondent in a divorce case fails to answer or appear, the petitioner must present evidence to support the material allegations in the petition. *E.M.V.*, 312 S.W.3d at 291. Accordingly, a default judgment of divorce is subject to an evidentiary attack on appeal. *Agraz v. Carnley*, 143 S.W.3d 547, 552 (Tex. App.—Dallas 2004, no pet.). Here, appellant asserts the trial court abused its discretion in dividing the marital estate because the evidence is legally and factually insufficient to support the division.

Most appealable issues in a family law case are evaluated under an abuse of discretion standard. *In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no pet.). A trial court abuses it discretion when it acts in an arbitrary or unreasonable

–4–

manner or when it acts without reference to any guiding principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *A.B.P.*, 291 S.W.3d at 95. The trial court generally does not abuse its discretion where at least some evidence of substantive and probative character exists to support the trial court's decision. *Agraz*, 143 S.W.3d at 554.

Because the traditional sufficiency standards of review overlap with the abuse of discretion standard in family law cases, legal and factual sufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *A.B.P.*, 291 S.W.3d at 95. To determine whether the trial court abused its discretion because the evidence is insufficient to support its decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its exercise of that discretion. *Id.* We conduct the applicable sufficiency review with regard to the first question. *Id.* We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied).

The trial court must divide the community estate "in a manner that the court deems just and right." FAM. § 7.001; *see also E.M.V.*, 312 S.W.3d at 291 (trial court's division of community estate must be equitable). However, the trial court's discretion is not unlimited, and the record must show some reasonable basis for the

division.  *Sandone v. Miller–Sandone*, 116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.) (trial court abused its discretion in division of marital property when there was no evidence of value of property); *see also E.M.V.*, 312 S.W.3d at 291 (record must show some reasonable basis for unequal division of property).

In this case, appellant's testimony was limited to the mere fact that the decree he presented to the court divided all of the marital property.  The record does not reflect that the court was apprised of any information regarding the value of the property or debts nor does it establish that the division was, as a result, fair and equitable.  Accordingly, the trial court had insufficient evidence to divide the property equitably and thus abused its discretion in its division of the estate of the parties.  *See E.M.V.*, 312 S.W.3d at 291; *O'Neal v. O'Neal*, 69 S.W.3d 347, 350 (Tex. App.—Eastland 2002, no pet.).  Accordingly, with respect to the trial court's division of the marital estate, there is error on the face of the record.  *See E.M.V.*, 312 S.W.3d at 291; *Watson v. Watson*, 286 S.W.3d 519, 525 (Tex. App.—Fort Worth 2009, no pet.).  We sustain appellant's sole issue.

## CONCLUSION

When insufficient evidence supports a default judgment, the proper remedy is remand, not rendition.  *See Bennett v. McDaniel*, 295 S.W.3d 644, 645 (Tex. 2009).  Accordingly, we reverse the portion of the divorce decree addressing the division of

property and remand for further proceedings consistent with this opinion.  In all other respects, we affirm the decree.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191260F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TAMMY LEJUNE HEAP-WELCH,
Appellant

No. 05-19-01260-CV     V.

DAVID MARK WELCH, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas

Trial Court Cause No. FA-18-0876. Opinion delivered by Justice Schenck. Justices Osborne and Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dividing the marital property. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant TAMMY LEJUNE HEAP-WELCH recover her costs of this appeal from appellee DAVID MARK WELCH.

Judgment entered this 28th day of October, 2020.